**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1460-22

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ALBERTO SCABONE, a/k/a
ALBERTO ESCABONE,
and ALBERTO ROMERO,

 Defendant-Appellant.

_____

    Submitted February 5, 2024 – Decided March 28, 2024

    Before Judges Gilson and DeAlmeida.

    On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 80-08-4225.

    Alberto Scabone, appellant pro se.

    Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 1993, a jury convicted defendant Alberto Scabone of two counts of first-degree murder for killing his mother-in-law and sister-in-law, N.J.S.A. 2C:11-3, one count of second-degree passion/provocation manslaughter for killing his wife, N.J.S.A. 2C:11-4(b)(2), and one count of second-degree arson, N.J.S.A. 2C:17-1(a)(2). Defendant had committed the crimes in 1981 but then fled the country. Twelve years later, he was arrested in Central America and brought to the United States to stand trial. The evidence at trial established that defendant stabbed each of the victims multiple times and, thereafter, set the apartment on fire to cover up the crimes. Representing himself, defendant appeals from a December 7, 2022 order denying his motion to correct an alleged illegal sentence. Defendant's sentence was not illegal, and we affirm.

In January 1994, defendant was sentenced to an aggregate prison term of eighty years, with forty years of parole ineligibility. On each of the murder convictions, he was sentenced to thirty years in prison, with fifteen years of parole ineligibility. On the manslaughter and arson convictions, he was sentenced on each to ten years in prison, with five years of parole ineligibility. All those sentences were run consecutively.

Defendant filed a direct appeal challenging his convictions and sentence as excessive. We rejected those arguments and affirmed the convictions and

sentence. State v. Scabone, No. A-3498-93 (App. Div. Nov. 14, 1995). The Supreme Court denied certification. State v. Scabone, 143 N.J. 330 (1996).

Thereafter, defendant filed two petitions for post-conviction relief (PCR). Both petitions were denied, and we affirmed those denials. State v. Scabone, No. A-1491-96 (App. Div. May 7, 1998); State v. Scabone, No. A-2539-11 (App. Div. Feb. 27, 2014). The Supreme Court denied certification on defendant's appeal from the denial of his first petition for PCR. State v. Scabone, 156 N.J. 410 (1998). Defendant did not file for certification to appeal the denial of his second petition for PCR.

Defendant also sought habeas corpus relief in the federal courts. That request was denied at all levels of review. See Scabone v. Hendricks, 535 U.S. 1085 (2002).

Meanwhile, defendant filed four motions, alleging that his sentence was illegal. The first two motions were filed in 2004 and 2005. When those motions were denied, defendant appealed, and we affirmed both orders denying the motions. State v. Scabone, No. A-2992-04 (App. Div. Mar. 8, 2006). The Supreme Court denied certification. State v. Scabone, 188 N.J. 491 (2006).

Defendant filed a third motion in 2018, again alleging that his sentence was illegal because the sentencing court erred by imposing four maximum and

consecutive sentences. That motion was denied by the trial court in an order and letter opinion issued on June 25, 2018. Defendant did not appeal from that order.

In November 2022, defendant filed his fourth motion to correct an alleged illegal sentence. Defendant claimed his sentence constituted cruel and unusual punishment and that his sentence "[was] illegal because there was no 'overall fairness' assessment conducted before the imposition of four maximum consecutive sentences. In addition, no explicit statement was provided on [the] record concerning the 'overall fairness' of the aggravated sentence." The trial court denied that motion in an order dated December 7, 2022.

Defendant now appeals from the December 7, 2022 order denying his fourth motion to correct an alleged illegal sentence. He contends:

> THE [TRIAL] COURT'S DENIAL OF DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE IS NOT SUPPORTED BY SUFFICIENT, CREDIBLE, EVIDENCE IN THE RECORD THEREFORE, THE SENTENCE SHOULD BE VACATED AND A RESENTENCING HEARING SHOULD BE ORDERED.

This argument is without sufficient merit to warrant extended discussion in a written opinion. See R. 2:11-3(e)(2). Accordingly, we briefly summarize why defendant's argument lacks merit.

Defendant's sentence is not illegal. All four of the sentences were in accordance with the criminal code in effect at the time defendant committed his crimes. See N.J.S.A. 2C:11-3(b) (1995); N.J.S.A. 2C:43-6(a)(2) (specifying that the court shall fix a term between five and ten years for second-degree crimes). The code also permitted, and continues to permit, consecutive sentences. N.J.S.A. 2C:44-5.

Defendant has made no showing and cited no law supporting his contention that his sentence constituted cruel and unusual punishment under either the United States or New Jersey Constitution. U.S. Const. amend. VIII; N.J. Const. art. I, ¶ 12; see State v. Johnson, 206 N.J. Super. 341, 344-349 (App. Div. 1985) (rejecting the defendant's argument that the thirty-year statutory minimum sentence without parole eligibility for felony murder was violative of the federal or State constitution).

Defendant's real argument is that his sentence was excessive because his sentences were run consecutively. He cites to State v. Torres, 246 N.J. 246 (2021), and contends that he is entitled to resentencing because the sentencing court failed to consider the overall fairness of the consecutive sentences. We reject this argument for several reasons.

A-1460-22

First, on direct appeal, and in our review of the denials of his prior motions to correct the alleged illegal sentence, we have held that defendant's sentence was legal and imposed in accordance with the law. State v. Scabone, No. A-3498-93 (App. Div. Nov. 14, 1995); State v. Scabone, No. A-2992-04 (App. Div. Mar. 8, 2006).

Second, Torres did not create a new rule of law requiring retroactive application to this matter where defendant was sentenced twenty-seven years before Torres was issued. The Torres Court explained that its intention was "to underscore" and "promote" the "concepts of uniformity, predictability, and proportionality" that underlie the Yarbough factors. Torres, 246 N.J. at 252-53; see State v. Yarbough, 100 N.J. 627 (1985). Therefore, because Torres did not announce a new rule of law, it is not applied retroactively. See State v. Feal, 194 N.J. 293, 307 (2008); State v. Burstein, 85 N.J. 394, 403 (1981) (explaining "retroactivity can arise only where there has been a departure from existing law").

Finally, our review of the record convinces us that the sentencing court considered the appropriate Yarbough factors and the overall fairness of the sentence it imposed. When sentencing defendant, the court stated that it "reviewed the sentencing guidelines of Yarbough, 100 N.J. at 643-44" and

6

would be "sentencing [defendant] in accordance with" them. (Citation reformatted). After discussing those guidelines, the court summarized that defendant had committed four separate crimes and that the two murders and the manslaughter involved "separate and distinct acts of violence." The sentencing court then explained:

> What is clear is the crimes committed were predominantly independent of one another and they involved separate acts of violence. And it was likewise apparent from the trial proofs that all [three] victims were fully clothed and stabbed to death individually at different times as they entered the apartment. The fire was then set after all of the deaths had been completed to conceal the evidence and to assist [defendant] in making his [getaway].

The sentencing court also explained why it was imposing the consecutive sentences, thereby demonstrating that it understood the real-time consequences of the sentence and was assessing the overall fairness of the sentence. In that regard, the sentencing court stated that:

> The primary criteri[on] for the severity of punishment obviously is the gravity of . . . defendant's crimes here. They don't come any higher. We have, with the loss of [three] human people, their lives, all their careers, everything that they had going for them. . . . My primary rule is as the extent of [defendant's] brutality and violence rises, obviously so too should the number of years that [defendant] is locked up so he can't do [any more] damage to the community.

A-1460-22

So, it is therefore the intent of this Court by these consecutive sentences with parole ineligibility terms that [defendant] be sentenced to the maximum possible sentence allowed by the law and this is the only way that society can be protected and justice can be served.

Finally, defendant takes issue with the procedure under which his fourth motion to correct an alleged illegal sentence was handled. He complains that the trial court denied the motion without hearing oral argument, without assigning him counsel, without holding an evidentiary hearing, and without issuing a written opinion explaining the rulings. While it would have been a better practice for the trial court to have issued a written opinion with legal citations, we discern no reason to remand this matter.[1] We have detailed the procedural history, including defendant's two prior PCR petitions and three prior motions to correct an alleged illegal sentence. Given that history, defendant was not entitled to oral argument, assignment of counsel, or an evidentiary hearing. The record establishes that defendant has been accorded all the process he is due.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] The trial court's December 7, 2022 order was accompanied by a letter signed by the judge's law clerk. The letter should have been signed by the judge and should have contained a more detailed analysis with legal citations.

8